UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

OTIS WORLDWIDE CORPORATION,

        Plaintiff,

    v.

FRANK SMITH,

        Defendant.

CASSE NO: 9:25-cv-80825-MD

## JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff/Counter-Defendant Otis Worldwide Corporation ("Otis" or "Plaintiff") and Defendant/Counter-Plaintiff Frank Smith ("Smith" or" Defendant"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 56 and this Court's Order [*see* Doc. 24, pp. 4-5], hereby submit this Joint Statement of Undisputed Material Facts.

1.      Otis, a Delaware Corporation, is an international business that manufactures and maintains elevators, escalators, and moving walkways. (Doc. 1, Otis's Complaint ("Compl."), at ¶¶1-2; Doc. 15, Frank Smith's Answer to Otis Complaint with Affirmative Defenses and Counterclaims ("Smith's Answer"), at ¶¶ 1-2.) Otis is publicly-traded on the New York Stock Exchange. (Doc. 99-1, Declaration of Nina Zagaja ("Zagaja Decl."), at ¶ 2; *see also* Doc. 99-2, Deposition Transcript and Exhibits of Frank Sousa ("Sousa Dep."), at 129:25-130:2; Doc. 8, Otis's Certificate of Interested Persons and Corporate Disclosure Statement.)

2.      Defendant/Counter-Plaintiff Frank Smith ("Defendant" or "Smith") was employed by Otis and/or its predecessors for over nineteen (19) years and served in various roles during that time. (Doc. 15, Smith's Answer at ¶¶3, 16.)

3.      As a term of his employment, Otis paid Smith a base salary. (Doc. 99-2, Sousa Dep. at 127:19-128:22; Doc. 99-3, Smith Dep. at 74:2-20.) The compensation package offered to Smith included a base salary, short-term incentive awards, and long-term incentive awards. (Doc. 99-3, Smith Dep. at 74:2-20; Doc. 101 at p. 3). Smith received short-term incentive awards. (Doc. 99-2, Sousa Dep. at 127:19-129:8; Doc. 99-3, Smith Dep. at 74:2-20.) Long-term incentive awards, as stated in Otis's 2018, 2020, and 2024 LTI Plans, enabled Otis "to implement a compensation

program that correlates compensation opportunities with shareowner value, focuses Management on long-term, sustainable performance, and provides the Corporation with a competitive advantage in attracting, retaining and motivating officers, employees and directors."  (Doc. 99-1, at §1, pp. 16, 56, 320.)

4.      Otis also gave Smith the opportunity to participate in Otis's Long-Term Incentive ("LTI) Plans, which made him eligible to receive stock appreciation rights (SARs), restricted stock units (RSUs), and performance share units (PSUs) (collectively "LTI awards"). (Doc. 99-3, Smith Dep.at 74:25-76:25; Doc. 99-1, Zagaja Decl. at ¶¶4,9.)

5.      Otis's relevant LTI Plans include: (1) the United Technologies Corporation[1] 2018 Long-Term Incentive Plan; (2) the Otis Worldwide Corporation 2020 Long-Term Incentive Plan; and (3) the Otis Worldwide Corporation 2020 Long-Term Incentive Plan (As Amended and Restated as January 1, 2024). (Doc. 99-4, Deposition Transcript and Exhibits of Nina Zagaja Corporate Representative of Otis ("Zagaja Dep."),  at  Dep. Ex. 5.("2018 LTI Plan"); Dep. Ex. 6 ("2020 LTI Plan"); Dep. Ex. 7 ("2024 LTI Plan").)

6.      The "Clawback Policy" in the 2018 LTI Plan and 2020 LTI Plan provides that "upon occurrence of any of the following events, the [LTI Plan] Participant shall forfeit all of the Participant's outstanding Awards, whether vested or unvested, and shall pay the Forfeiture Amount (as defined in clause (ii) below) to the Corporation within 30 days following receipt from the Corporation of written notice from the Corporation[.]" (Doc. 99-4, Zagaja Dep. at Dep. Ex. 5 (at OtisWorldwide_000010), Dep. Ex. 6 (at OtisWorldwide_00060).)

7.      The 2024 LTI Plan provides "[a]ll Awards granted under the Plan prior to January 1, 2024, including any proceeds from such Awards (whether paid in Shares or cash), remain subject to the terms and conditions of Section 14(i) of the Plan as in effect immediately prior to January 1, 2024 and, if applicable to the Participant, the Corporation's Erroneously Awarded Compensation Recovery Policy, as in effect from time to time. All Awards granted under the Plan on or after January 1, 2024, including any proceeds from such Awards (whether paid in Shares or cash) shall be subject, as applicable, to the Corporation's Erroneously Awarded Compensation Recovery Policy, as such policy may be in effect from time to time, and any other compensation

---

[1] Otis was previously an operating division of United Technologies Corporation ("UTC") and spun-off from UTC in 2020. (Doc. 99-2, Sousa Dep. at 47:25-48:4; Doc. 99-3, Smith Dep. 111:12-112:9; Doc. 99-4, Zagaja Dep. at 29:12-14; Doc. 99-5, Balzano Dep. at 133:2-5.)

clawback, recovery or similar policies required by law or regulations(including the listing standards of the Applicable Exchange) or otherwise as adopted by the Committee, as such policies may be in effect from time to time." (Doc. 99-4, Zagaja Dep. at Dep. Ex. 7 (at OtisWorldwide_000320).)

8.      The "Otis Worldwide Corporation Broad-Based Compensation Recovery Policy," was "adopted effective for Incentive Compensation for periods commencing on or after January 1, 2024," and "sets forth the terms on which the Company's Compensation Committee may cause the Company to recover Incentive Compensation upon the occurrence of Forfeiture Events." (Doc. 99-4, Zagaja Dep. at 59:12-60:17, Dep. Ex. 8 (at OtisWorldwide_000415, OtisWorldwide_000417); Doc. 99-1, Zagaja Decl. at ¶¶ 6- 6(d).)

9.      Otis's "Broad-Based Compensation Recovery Policy" states that "[u]pon one or more of the following Forfeiture Events, subject to applicable law, a Covered Colleague shall, if and to the extent determined by the Committee in its sole discretion, (1) forfeit all, or a portion, of outstanding Incentive Compensation, and/or (2) pay the Forfeiture Amount . . . to the Company . . . within 30 days of receipt of written notice from the Company." (Doc. 99-4, Zagaja Dep. at Dep. Ex. 8 (at OtisWorldwide_000416).)

10.      Pursuant to the 2018 LTI Plan and 2020 LTI Plan, various post-employment activities purport to qualify as a "Forfeiture  Event," including: "[a]t any time during the 12-month period following any Termination of Service, a Participant becomes employed by, consults for, or otherwise renders services to any business entity or person engaged in activities that compete with the Corporation or business unit that employed the Participant, unless the Participant first obtained the written consent of the Chief Human Resources Officer or her or his delegate. For purposes of applying this provision . . . the status of a business . . .  as a competitor shall be determined by the Chief Human Resources Officer in her or his sole discretion. " (Doc. 99-4, Zagaja Dep. at Dep. Ex. 5 (at OtisWorldwide_000011), Dep. Ex. 6 (at OtisWorldwide_000060).)

11.      Pursuant to Otis's "Broad-Based Compensation Recovery Policy," a "Forfeiture Event" occurs when "[w]ithin one year following any Termination of Service, a Covered Colleague becomes employed by, consults for or otherwise renders services to any business entity or person engaged in activities that compete with the Company Group unless the Covered Colleague has first obtained the written consent of the General Counsel or her or his delegate. For purposes of applying this provision the status of a business . . . as a competitor shall be determined

by the General Counsel in her or his sole discretion." (Doc. 99-4, Zagaja Dep. at Dep. Ex. 8 (at OtisWorldwide_000416).)

12.     Under the 2018 LTI Plan and the 2020 LTI Plan," "[t]he 'Forfeiture Amount' means an amount determined by the Committee in its sole and absolute discretion, up to a sum of: (A) the Fair Market Value of any Shares held by the Participant as of the date that the Committee requires forfeiture that were acquired by the Participant pursuant to an Award during the three-year period preceding such date, (B) the amount of (1) the proceeds from the sale (including sales to the Corporation) of any Shares acquired by the Participant pursuant to an Award during the three-year period preceding the date that the Committee requires forfeiture, less (2) the amount, if any, paid by the Participant to purchase such Shares, and (C) any proceeds received by the Participant upon cash settlement of any Award during the three-year period preceding the date that the Committee requires forfeiture" (Doc. 99-4, Zagaja Dep. at Dep. Ex. 5 (at OtisWorldwide_000011), Dep. Ex. 6 (at OtisWorldwide_000060-61) (emphasis added).)

13.     Between 2019 and 2024, Otis provided Smith with annual LTI awards in the form of SARS, RSUs, and PSUs.  (Doc. 99-3, Smith Dep. at 101:18-102:1; Doc. 99-1, Zagaja Decl. at ¶ 9.) During the last three years of his employment with Otis, Smith exercised SARs from these LTI awards and settled vested PSUs and RSUs from these LTI awards that collectively resulted in $720,416.50 in taxable compensation. (Doc. 99-1, Zagaja Decl. at ¶¶ 9(a)-9(f), 10; Doc. 99-4, Zagaja Dep. at 14:23-17:10, Dep. Ex. 3.)

14.     At all relevant times, Otis (and prior to Otis's spinoff, UTC) managed the LTI award process through an online platform managed by UBS Financial Services, currently known as "UBS OneSource." (Doc. 99-1, Zagaja Decl. at ¶ 5; Doc. 99-5, Deposition Transcript and Exhibits of Ralph Balzano as Corporate Representative of UBS ("Balzano Dep."), at 12:8-12, 23:13-25, 32:13-33:7; Doc. 99-4, Zagaja Dep. at 115:13-18.) Through UBS OneSource, Otis OneSource users can access newly granted awards through: (1) an email (referred to as an "eLert"); (2) the Otis Intranet; or (3) OneSource. (Doc. 101-5, (at UBS000102); Doc. 99-5, at 58:15-59:7,76:13-22.)

15.     On April 10, 2025, Otis, through its Vice President, Executive Compensation, Legal Employment Law, Benefits, Kristina Ciaffi, sent Smith a letter acknowledging his recent resignation from Otis and his current employment with Metro Elevator. (Doc. 99-4, Zagaja Dep. at Dep. Ex. 11 (at OtisWorldwide_0001550-51); Doc. 99-3, Smith Dep. at Dep. Ex. 38.)

16.     On May 15, 2025, Ciaffi sent Smith another letter formally demanding that he repay Otis $720,416.50 (i.e., Otis's calculation of the Forfeiture Amount). (Doc. 99-3, Smith Dep. at Dep. Ex. 42.)

17.     Defendant did not repay Otis the $720,416.50 it demanded. (Doc. 99-3, Smith Dep. at 206:10-18.)

18.     For "certain eligible employees" like Smith, LTI Awards were a "financial incentive." (ECF 99-2, at 46:12-20, 48:14-49:5); (ECF 99-4, at 36:4-9).

19.     Smith never worked in Delaware while employed at Otis. (ECF 99-7, at 29:20-30:1).

- 6 -

Dated: May 29, 2026

| | |
|---|---|
| FRANK SMITH | OTIS WORLDWIDE CORPORATION, |
| By his attorneys, | By its attorneys, |

By: */s/ David P. Hathaway*
    David P. Hathaway
    Florida Bar No. 491411
    *dhathaway@deanmead.com*

    DEAN, MEAD, EGERTON,
    BLOODWORTH, CAPOUANO &
    BOZARTH, P.A.
    420 S. Orange Avenue, Suite 700
    Orlando, FL 32801
    Telephone: (407) 841-1200

    -and-

    John T. Murray
    Bar No. 5672449
    *jmurray@phillipslytle.com*
    Joshua Glasgow
    Bar No. 5628714
    *jglasgow@phillipslytle.com*
    Joel A. Blanchet*
    *jblanchet@phillipslytle.com*

    PHILLIPS LYTLE LLP
    One Canalside, 125 Main Street
    Buffalo, NY 14203
    Telephone: (716) 847-5465

    *\*Admitted pro hac vice*

*Attorneys for Defendant*

By: /s/ *Christina Forte Meddin*
    Christina Forte Meddin
    Florida Bar No. 120489
    *cmeddin@seyfarth.com*
    Mitchell A. Robinson*
    Georgia Bar No. 457665
    *mrobinson@seyfarth.com*
    Daniel P. Hart*
    Georgia Bar No. 141679
    *dhart@seyfarth.com*

    SEYFARTH SHAW LLP
    1075 Peachtree St. NE
    Suite 2500
    Atlanta, GA 30309
    Telephone: (404) 885-1500
    Facsimile: (404) 892-7056

    *\*Admitted pro hac vice*

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

OTIS WORLDWIDE CORPORATION,

      Plaintiff,

    v.

FRANK SMITH,

      Defendant.

CASE NO: 9:25-cv-80825-MD

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, I presented the foregoing ***JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS*** to the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Christina Forte Meddin*

Christina Forte Meddin